(Nos. 2259-2260-2261, consolidated—)

WOOD HAYES, No. 2259, AGNES GARZA, No. 2260, JOHN DENNISON AND BLANCHE DENNISON, No. 2261, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1935.*

KANE, SCOTT & LEE and K. C. RONALDS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

These three claims arose out of the same accident and have been consolidated for the purpose of the hearing. From the complaints it appears that Charles Garza, husband of claimant, Agnes Garza—Hubert Dennison, the son of claimants, John Dennison and Blanche Dennison—and Wood Hayes were working in a gravel pit near Equality, Illinois when a cave-in occurred, killing Charles Garza and Hubert Dennison, and injuring Wood Hayes.

A motion to dismiss these claims was filed by respondent and same was ordered to be considered with the case. The record discloses that Charles Garza, Hubert Dennison and Wood Hayes were residents of Gallatin County and were on the relief rolls of the Illinois Emergency Relief Commission for that county on October 3, 1933. The report of Orval P. Townshend, Civil Works Administrator for Gallatin County, appearing in the record discloses, that the work involved was for the improvement of the village streets of Equality, Illinois; that the men in question were under the direct supervision of Clarence Pemberton, City Marshal of Equality, and were not under any supervision of the State Highway Department. The statement of Mr. Pemberton, City Marshal, corroborates this, his evidence being that he was in charge of some men who were working out their village auto license fees and also some men who were working out their relief orders, among the latter being the men in question; that the latter were working out at the gravel pit, which he had inspected, and about which he found nothing to indicate the danger of a slide or cave-in. A report of the Division of Highways of the State of Illinois under date of April 2, 1934 states that the work being done by these men was not a function of maintenance usually done by the State Highway Department, and that they were not engaged in maintenance work under the supervision of that department at the time of the accident; further, that the men were then working under the supervision of the City Marshal, Clarence Pemberton.

Counsel for claimants contend that the deceased and injured men should be treated as State employees within the meaning of the Workmen's Compensation Act, and that the State of Illinois should therefore enter an award in these claims. The court is of the opinion that the men were not em-

ployees of the State of Illinois within the meaning of the Workmen's Compensation Act and that this court has no authority to make an award in the premises.

*Section 2 of the Illinois Emergency Relief Act* approved February 6, 1932 provides—

"It shall be the duty of the Commission * * * to provide relief to residents of the State of Illinois who, by reason of unemployment or otherwise, are destitute and in necessitous circumstances. * * * For the purpose of carrying out the provisions of the Act the Commission is authorized to make use of and cooperate with counties, townships and other municipal corporations charged by law with the duty of poor relief."

The Act in its wording, intent and effect was a beneficient and charitable one and the care which the State attempts to bestow thereby upon those in need of such aid is comparable to the beneficient and charitable work which the State accords to its unfortunate citizens in the various institutions of the State. There is no legal right on the part of the latter to an award from the State for injuries suffered while confined in such charitable institutions. Unless those whose injuries and death are the basis of the claims herein can be shown to have been employees of the State within the meaning of the Workmen's Compensation Act this court is without authority to enter an award. The record discloses, as above stated, that they were not working on a State project, they were not under the supervision of the State Highway or any other State Department, but as shown by the testimony of the Civil Works Administrator for Gallatin County, the City Marshal of Equality, and the State Highway Department were, in fact, engaged in work for the improvement of the streets of the Village of Equality and were under the direct supervision of the City Marshal of that village. The fact that their names were carried upon the relief rolls of the Illinois Emergency Relief Commission did not in itself make these men employees of the State of Illinois.

The motion to dismiss each of these claims is allowed and the claims are accordingly dismissed.